

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-3040
Re: Giving notice by any
person intending to
apply for the passage
of any local or special
law not prohibited by
the Constitution.

Your recent request for an opinion of this department upon the above stated subject has been received.

We quote from your letter as follows:

"It is my intention to apply to the State Legislature for the enactment of a law affecting the salary of myself as County Auditor. My present salary is $2,625.00 while that of other county officers is $3,180.00. At the last budget hearing a number of citizens pointed out (unexpectedly to the writer) that the salary of the Auditor should be more nearly in line with that of other officers.

"I notice that there are approximately 35 laws in the statute books regarding the office of county auditor and setting salaries; and yet I do not want a law, the constitutionality of which is questionable, therefore it is my intention to have published a notice in the local papers to the effect that the salary of the county auditor of Liberty County shall be based on $140.00 per million dollars valuation instead of $125.00 on the million dollars valuation as provided by the present general law, Article 1645.

"Will you please give me a statement as to the principal requirements of such notice to be

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Murphy Cole, Page 2

published. I gather that Sec. 57 of Article
3 is the proper constitutional authority."

Section 57 of Article 3 of the State Constitution
and Articles 2 - 9, inclusive, Vernon's Annotated Civil Stat-
utes, prescribe the method and manner of giving notice by
any person who intends to apply for the passage of any local
or special law not prohibited by the Constitution. Article
1645, Vernon's Annotated Civil Statutes, reads in part as fol-
lows:

"In any county having a population of
thirty-five thousand inhabitants, or over,
according to the preceding Federal census,
or having a tax valuation of fifteen mil-
lion dollars or over, according to the last
approved tax rolls, there shall be biennial-
ly appointed an auditor of accounts and
finances, the title of said officer to be
county auditor, who shall hold his office
for two years, and who shall receive as com-
pensation for his services one hundred and
twenty-five dollars for each million dollars
or major portion thereof, of the assessed
valuation, the annual salary to be computed
from the last approved tax rolls, said an-
nual salary from county funds shall not ex-
ceed thirty-six hundred dollars, to be paid
monthly out of the general funds of the
county upon an order of the commissioners
court. * * *."

Liberty County has a population of 24,555 inhabitants
according to the last Federal census. However, the assessed
valuation of said county according to the last approved tax
rolls is approximately $21,523,020.00. Therefore, Article 1645,
supra, which is a general statute, is applicable to Liberty Coun-
ty.

Section 56, Article 3, of the State Constitution
inhibits the Legislature from passing any local or special law
regulating the affairs of a county.

The proposed enactment would be a local or special
law attempting to regulate the affairs of Liberty County, which
is prohibited by Section 56, Article 3, of the State Constitu-
tion. Duclos, et al v. Harris County, 263 S. W. 562; Altgelt

Honorable Murphy Cole, Page 3

v. Gutzeit, 201 S. W. 400; Austin Bros. v. Patton, 288 S. W. 182.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JAN 30, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY

Ardell Williams
Assistant

AW:RS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN